If I could entertain a reasonable doubt upon the question of the power claimed by the state board of charities in this matter, I should be disposed to resolve it in its favor; because, as a constitutional body, invested with power to visit and regulate those institutions of the state which, being of a "charitable, eleemosynary, correctional or reformatory character," expend the public moneys in pursuing their corporate purposes, it is right that every just and fair concession should be made to its claim of power. It was intended to accomplish, as it does, a politic and useful work in preventing and correcting abuses in the administration of charitable and reformatory institutions. But I am convinced, after a careful consideration of the chartered purposes of the Society for the Prevention of Cruelty to Children, and notwithstanding the *Page 250 
remarkably able discussion at the Appellate Division, that the society cannot be classified among those institutions which are placed under the authority of the state board of charities. Of course, if it is subject to that authority, it must be by reason of its being a charitable institution, and I cannot but believe that such a view is influenced by the idea that as it administers and performs a governmental work, which is, necessarily, humanitarian in its results, it is, therefore, to be regarded as an institution of a charitable character within the statutory sense.
Charity, as a broad idea, underlies and prompts most, if not all, of the work which is undertaken with the object of bettering the condition of human beings. In these days of active philanthrophy, the administration of government has been largely influenced by the desire of improving the social condition of the commonwealth. But it is, in my opinion, incorrect to assert that an agency, which has been created to enforce the laws of the state for the prevention of cruelty to children, is a charitable institution. This society is only charitable in the general concept of human duties and not in the political sense. The statutory intent was to provide an independent and effective means of enforcing certain provisions of the criminal law and the intent is effectuated through the creation of a corporate body, whose sole undertaking is directed to that work. The Penal Code invests it with certain duties with reference to the laws relating to children and empowers its officers and agents to arrest offenders against the law and to bring them before magistrates. Police powers are given to it and it is, in effect, a prosecuting agent of the state with respect to its laws. The corporation may prefer complaints in court and magistrates and officers are required to aid it in the enforcement of all laws relating to children. Such charitable work as it does, in the general sense, is merely incidental and transitory in the temporary care of such children as, for the time being, while the society is enforcing the law in particular cases, are detained in its custody. They, perforce, must be detained as witnesses to, or subjects of, an offense and, therefore, *Page 251 
must be cared for in body, and moneys are expended in doing so. But that incidental work does not characterize the corporate existence and functions as charitable in the legal sense. We must refer for that characterization to the charter, which is the map of its corporate life and which prescribes what functions it may lawfully exercise. The certificate of incorporation states that its objects are "the prevention of cruelty to children and the enforcement, by all lawful means, of the laws relating to, or in anywise affecting, children." Its corporate function is to prosecute offenders against those laws in the courts and the public moneys are paid to it to enable it to execute that corporate function. If the society is enabled by private aid to care for the children in its custody, by feeding and clothing them, that is a purely incidental work.
I do not think that the question of whether the institution is a charitable one, in the legal, or statutory, sense, is to be determined upon the theory which found acceptance below, that its appellation conclusively establishes its charitable purpose, and that its objects are inherently charitable. To reason from the fact that its work is inherently charitable, because bettering the condition of children through the enforcement of the laws against their cruel treatment or neglect, that it is, therefore, to be classified with the charitable institutions, which the Constitution subjects to the visitorial powers of the state board of charities, does not seem to me to be a scientific conclusion. That it is an "institution" of the state is not of itself sufficient to authorize the state board to claim the right of visitation; for the Constitution only confers that right where the institution is of a charitable character. That services are gratuitously rendered is not a reason for denominating it as a charitable institution; for there are other corporations and there are governmental departments, where the services are, also, gratuitously performed and yet they are not and could not, in a proper sense, be termed charitable institutions. Its objects are philanthropic; but so are those of other corporations, which are not regarded as charitable institutions. The chartered function of the society is the enforcement of provisions *Page 252 
of the criminal law and it is, for every practical purpose, aquasi public corporation, authorized for the greater convenience and certainty of accomplishing that governmental work.
Nor does it appear that the legislature has classified this society as among the charitable institutions of the state. It has, in various enactments, separately classified the society; giving it a distinct place from those institutions which, being of a charitable, eleemosynary, correctional, or reformatory nature, are made subject to the authority of the state board.
For these reasons, as for those expressed by Judge O'BRIEN more fully, I have reached the conclusion that the Society for the Prevention of Cruelty to Children is not subject, under the Constitution, or the laws of this state, to the control or visitation of the state board of charities.